IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHERYL LINDSEY**                                                           **PLAINTIFF**

**VERSUS**                                                                **CAUSE NO.** 1:19CV015-SA-DAS

**NORTH MISSISSIPPI MEDICAL CENTER, INC., and**
**NORTH MISSISSIPPI HEALTH SERVICES, INC.**                          **DEFENDANTS**

**JURY TRIAL DEMANDED**

# COMPLAINT

This is an action to recover actual damages for violation of the Age Discrimination in Employment Act. The following facts support this action:

1.

Plaintiff CHERYL LINDSEY is an adult resident citizen of 12494 Highway 371, Marietta, Mississippi 38856.

2.

Defendant NORTH MISSISSIPPI MEDICAL CENTER, INC. ("NMMC") is a Delaware non-profit corporation. Defendant may be served with process upon its registered agent, Bruce J. Toppin, 830 South Gloster Street, Tupelo, Mississippi 38801. Defendant is an employer within the meaning of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

Defendant NORTH MISSISSIPPI HEALTH SERVICES, INC. ("NMHS") is a Delaware non-profit corporation. Defendant may be served with process upon its registered agent, Bruce J.

00332594.WPD

Toppin, 830 South Gloster Street, Tupelo, Mississippi 38801. Defendant is an employer within the meaning of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

4.

Plaintiff is a sixty-six (66) year old female. Plaintiff has worked at NMMC for approximately twenty-eight (28) years. Defendant NMMC is owned and controlled by Defendant NMHS.

5.

Around 1989, Plaintiff was hired by Defendant in the Marketing Department. She later transferred to the Behavioral Health Department. Plaintiff worked in Behavioral Health for around sixteen (16) years. In Behavioral Health, Plaintiff's duties included keying in physician charges.

6.

Around 2012, Plaintiff transferred to the Hospitalist Department. Plaintiff was the only charge entry person in the department at the time. Joan Savage and Janice Timmons later came to work in the department. The main focus of the job was keying in physician charges. For the first four (4) years of Plaintiff's employment in this department, Plaintiff had no issues with her job performance and received good evaluations. Further, to the best of Plaintiff knowledge, she received no disciplinary actions.

7.

Around 2016, Debbie Waters became the interim director for the department. Previously, she had worked with the department as a consultant.

8.

In August 2016, Plaintiff's job title was changed from Charge Entry to "Coder III." Waters told Plaintiff that the three (3) persons in the department (all in their late fifties or sixties) would pursue coding certification within a year. When asked what would happen if these persons we did not pass the exam, Waters responded, "don't worry, there will be clerical jobs that must be done." Fact is, even though Plaintiff's job title was changed, her job duties remained primarily the same. Plaintiff's actual job duties included very little coding.

9.

In December 2016, Sandra Atkinson became revenue cycle manager, and Plaintiff's direct supervisor. Atkinson also assured the three (3) women on several occasions that if they did not pass the test, there would be clerical jobs they could perform. Atkinson assured them that their jobs did not depend on certification.

10.

All three (3) women took the coding test in April and July 2017, but all three (3) failed the test both times.

11.

In August 2017, Atkinson told the three (3) women in the department that she had absolutely no problems with any of them, and she appreciated all the work they did.

12.

However, in October 2017, for some reason, Atkinson's attitude changed towards all of them. Atkinson admitted that she felt like they were ganging up on her, that they were bombarding her with questions, and she felt overwhelmed when they asked her questions as a group.

13.

On October 11, 2017, just before Plaintiff was to go on medical leave, Atkinson asked her whether she would be taking the exam again. Plaintiff jokingly responded, "only if it means my job." Atkinson said she would check with Waters. When Atkinson returned, she said, "it does mean losing your job." Plaintiff told her that she would take the exam again.

14.

There was no reason for Plaintiff, or the other two (2) women, to obtain any certification as a coder for them to perform their job. All three (3) were doing a good job without the certification.

15.

When Plaintiff returned from medical leave, she asked Atkinson why their department required certification and the coders at the Central Billing Office did not. Atkinson responded that it was because they were under a different department or "umbrella" of NMMC, namely, NMMC clinics. Plaintiff told Atkinson that she was being paid under NMMC clinics as well. When Plaintiff pointed out that persons in Central Billing were essentially performing the same job as she did without certification, Atkinson responded that they had been "grandfathered" in. Plaintiff asked if she and the other two (2) older women could be grandfathered in. Atkinson responded that she did not know.

16.

In December 2017, Plaintiff received a poor evaluation from Atkinson. According to Defendants' policy, anything negative on a review is supposed to be addressed prior to the evaluation. Atkinson did not do so. When Plaintiff asked why she received a poor evaluation, Atkinson told her that she had not passed the certification exam. If an employee receives a bad evaluation, that employee cannot transfer within the hospital for a year.

17.

After Plaintiff asked Atkinson why the employees in Central Billing were not required to take the exam, Defendants changed Plaintiff's work code from being an employee of the clinics to being an employee of NMMC. Plaintiff was told that if she did not pass the exam by the end of February 2018, she would be terminated.

18.

At the end of January 2018, Plaintiff took the test for the fourth time. Waters was overheard asking Atkinson when they would know that the three (3) women failed the exam so they could be terminated. Plaintiff again failed the exam. Savage and Timmons, similarly, were never able to pass the exam.

19.

Defendant told Plaintiff that she could apply for transfers to other positions within NMMC. Plaintiff applied for transfers to multiple other positions, but received only one sit down interview, and no job offer. Upon information and belief, Plaintiff believes that younger persons were hired for these positions. Plaintiff believes the poor evaluation, and her age, at the time sixty-five (65), was the reason she was not offered another position.

20.

On February 28, 2018, Plaintiff was terminated. But for her age, she would not have been terminated. Joan Savage (60) was also terminated. Only Jan Timmons (59) obtained a new position.

21.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and has received the right to sue letter, attached hereto as Exhibit "B."

22.

Plaintiff has suffered lost income, and mental anxiety and stress as a result of her discharge.

## REQUEST FOR RELIEF

Plaintiff requests actual and liquidated damages, in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 17th day of January, 2019.

CHERYL LINDSEY, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named CHERYL LINDSEY, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

                                                 /s/ Cheryl Lindsey
                                                 CHERYL LINDSEY

GIVEN under my hand and official seal of office on this the 17th day of December, 2018.

                                                 /s/ Haley C. Fuller
                                                 NOTARY PUBLIC

(SEAL)



STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 109533
HALEY C. FULLER
Commission Expires
July 15, 2022
LEE COUNTY

My Commission Expires: